IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TERRY J. FITTJE,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.

Civ. No. 6:16-cv-01706-AA

**OPINION AND ORDER**

AIKEN, Judge:

    Plaintiff Terry J. Fittje brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Disability Insurance Benefits ("DIB").[1] For the reasons set forth below, the Commissioner's decision is AFFIRMED.

///

---

[1] Plaintiff also initially filed an application for Supplemental Security Income (SSI), but her application was disapproved because she was found not eligible to receive SSI because of her income. Tr. 92.

Page 1 – OPINION AND ORDER

## BACKGROUND

On July 18, 2006, plaintiff Terry J. Fittje applied for DIB. Tr. 171-75. She alleged disability beginning on March 31, 2005, due to diabetes, angina, depression, and ADHD. Tr. 89, 179-80.[2] Her application was denied initially and upon reconsideration. Tr. 88-105. Following a hearing, an Administrative Law Judge ("ALJ") found plaintiff not disabled on September 23, 2011. Tr. 9-26. The Appeals Council denied review, and plaintiff subsequently filed a complaint in this Court. Tr. 1-6.

On September 4, 2014, the U.S. District Court for the District of Oregon issued an opinion reversing the ALJ's decision and remanding the case for further proceedings. Tr. 736-46. A second ALJ hearing was held on February 4, 2016. Tr. 631-46. On June 24, 2016, the ALJ issued a second decision finding plaintiff was not disabled. Tr. 608-30. On April 25, 2017, Richard McGinty, filed an Unopposed Motion to Withdraw as Attorney of Record, which was granted on April 26, 2017. E.C.F. Docket No. 13, 16. Plaintiff filed a subsequent complaint in this court on June 26, 2017. E.C.F. Docket No. 20.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v.*

---

[2] At the September 23, 2011 ALJ hearing, plaintiff amended her alleged onset date to December 2008. Tr. 63, 65.

Page 2 – OPINION AND ORDER

*Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since the alleged onset date of December 1, 2007, through her date last insured of March 31, 2010.[3] Tr. 614; 20 C.F.R. § 404.1520(a)(4)(i), (b). At step two, the ALJ found plaintiff had the following severe impairments: "coronary artery disease, degenerative disc disease, degenerative joint disease, diabetes mellitus II, morbid obesity, asthma, carpal tunnel syndrome status post surgery, depression, ADHD/learning disorder, and substance abuse." Tr. 614; 20 C.F.R. § 404.1520(a)(4)(ii), (c). At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that

---

[3] The court notes that plaintiff amended her alleged onset date to December 2008, and assumes the ALJ incorrectly noted plaintiff's alleged disability onset date was December 1, 2007. *See* tr. 63, 65. However, any error does not change this court's overall findings.

Page 3 – OPINION AND ORDER

the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 614-16; 20 C.F.R. § 404.1520(a)(4)(iii), (d).

The ALJ found plaintiff retained the residual functional capacity ("RFC") to

> [P]erform light work as defined in 20 C[.F.R. §] 404.1567(b) except the claimant can lift and carry 10 pounds frequently and 20 pounds occasionally. The claimant can stand or walk 2 out of eight hours and sit for up to 8 hours in an 8-hour workday with normal breaks. The claimant can no more than occasionally climb ramps and stairs and can never climb scaffolds, ropes, or ladders. The claimant can no more than occasionally stoop, kneel, crouch, and crawl. The claimant can have no more than occasional exposure to respiratory irritants, such as dust, odors, fumes, and gasses. The claimant also must avoid exposure to hazards such as unprotected heights and dangerous machinery. The claimant can do not (sic) work that involves using her upper extremities for repetitive tasks. The claimant can remember, understand, and carry out tasks and instructions consistent with occupations at the SVP 1 or 2 levels. The claimant learns best by demonstration versus written instruction.

Tr. 616-22; 20 C.F.R. § 404.1520(e). At step four, the ALJ concluded plaintiff could not perform any of her past relevant work. Tr. 622; 20 C.F.R. § 404.1520(a)(4)(iv), (f).

At step five, the ALJ found plaintiff could perform work existing in the national economy; specifically, plaintiff could work as an electronics worker, small products assembler, or mail clerk. Tr. 622-23; 20 C.F.R. § 404.1520(a)(4)(v), (g)(1). Accordingly, the ALJ found plaintiff not disabled and denied her applications for benefits. Tr. 624.

## DISCUSSION

As the Commissioner correctly notes, Plaintiff's Opening Brief consists of nothing more than a transcript of the oral hearing held on August 30, 2011. *See* Plaintiff's Opening Br. 1-61, E.C.F. Docket No. 20. In order to ensure plaintiff had the opportunity to present her arguments, this court entered a scheduling order allowing plaintiff to file a written brief identifying the errors in the ALJ's decision with a deadline of December 15, 2017. *See* E.C.F. Docket No. 22.

As plaintiff filed no additional briefing, this court addresses the original filings and makes the following determination.

The Commissioner notes that the court "has a duty to liberally construe a pro se claimant's briefing." Def.'s Opening Br. 3, citing *Erickson v. Pardus*, 551 U.S. 89 94 (2007). However, the Commissioner argues that plaintiff's filing has "left noting left to construe," as her opening brief was nothing more than the transcript of the oral ALJ hearing held in August 2011. Def.'s Opening Br. 3. As plaintiff made "no assertion of error, direct or indirect," had "failed to provide any analysis of the issues, and presented no law," the Commissioner argues this court should "deem any further argument waived." *Id.*

The court need not address arguments that a claimant fails to argue with any specificity in her briefing. *Carmickle v. Astrue*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *see also Paladin v. Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (The court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief.")

As the Commissioner argues, and this court agrees, plaintiff has made "no assertion of error, direct or indirect, nor otherwise challenges the ALJ's final decision." For this reason, this court finds plaintiff has waived any potential arguments concerning the ALJ's second decision.

Prior Order for Remand for Further Proceedings

Although not specifically at issue in this opinion, this court makes a brief finding regarding its September 4, 2014 order remanding the case for further administrative proceedings. Tr. 736-46. On September 4, 2014, Judge Haggerty of the U.S. District Court for the District of Oregon remanded the case for further proceedings so the ALJ could re-evaluate the medical opinion of Dr. Kay Stradinger. Tr. 1-5, 736-46. After conducting a second oral hearing on

Page 5 – OPINION AND ORDER

February 4, 2016, the ALJ issued a decision on June 24, 2016 finding plaintiff not disabled. Tr. 611-24.

At first glance, it appears that the ALJ failed to consider this court's order for remand, again giving Dr. Strandinger's opinion "little weight" because her report was based on a one-time assessment of plaintiff, which the ALJ found, other than the mental status examination, were based on plaintiff's self-reports, and that the treatment records did not support the alleged degree of limitation. Tr. 621. However, after independently reviewing the record, this court finds the ALJ gave a legally sufficient reason to discredit Dr. Strandinger's medical opinion. Indeed, as the ALJ noted, Dr. Stradinger's conclusions, other than the mental status examination, were based on plaintiff's "self-reportage." Tr. 621. Here, Dr. Stradinger diagnosed plaintiff with amphetamine abuse, alcohol abuse, and attention deficit hyperactivity disorder, "per [plaintiff's] self-report." Tr. 406. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (A specific and legitimate reason for rejecting a treating physician's opinion is that the opinion is premised on a claimant's subjective complaints, which the ALJ properly discredited.) As plaintiff raised no issue with respect to the ALJ's credibility findings, and the ALJ's reasons for giving Dr. Strandinger's opinion less weight is supported by substantial evidence, this court finds no error.

## CONCLUSION

The Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated this ___ day of January 2018.

_____
Ann Aiken
United States District Judge